NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Acting Chief, Tax Division
JOLENE TANNER (SBN 285320)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3544
    Facsimile: (213) 894-0115
    E-mail: jolene.tanner@usdoj.gov

Attorneys for United States of America

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>MS DIAGNOSTIC LABORATORY, LLC.,<br><br>                     Debtor. | Case No. 2:18-bk-15114-BR<br><br>Chapter 11<br><br>THE UNITED STATES OF AMERICA'S OPPOSITION TO THE DEBTOR'S MOTION TO PAY CRITICAL VENDORS<br><br><u>Hearing Date:</u><br>Hearing Date:    July 18, 2018<br>Hearing Time:    10:10 a.m.<br>Courtroom:    Courtroom 1568 |

The United States of America, on behalf of its Agency, the Internal Revenue Service, responds to and opposes the Debtor's Motion for Order Authorizing Payment on Claims of Critical Vendors under 11 U.S.C. § 105(a) and 11 U.S.C. § 363(b) (Docket No. 44).

///

///

///

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Dated: July 13, 2018                     /s/ Jolene Tanner
                                         JOLENE TANNER,
                                         Assistant United States Attorney
                                         Attorneys for the United States of America

**Memorandum of Points and Authorities**

### I.  Statement of Facts

On May 2, 2018, MS Diagnostic Laboratory LLC (the "Debtor") filed for chapter 11 relief. On May 9, 2018, the IRS filed its proof of claim in the total amount of $913,613.23, comprised of a secured claim of $704,968.10, a priority unsecured claim of $177,563.15, and a general unsecured claim of $31,081.98 (Claim No. 1-1). The IRS recorded Notices of Federal Tax Lien, covering the tax liabilities, with the Los Angeles County Recorder and California Secretary of State, as follows:

| Tax | Tax Period | Recording Date | Location | Recording No. |
|---|---|---|---|---|
| Form 941 | 03/31/2017 | 07/12/2017 | California Secretary of State | 177595848438 |
| Form 941 | 03/31/2017 | 07/13/2017 | Los Angeles County Recorder | 20170780549 |
| Form 940 | 12/31/2016 | 09/12/2017 | California Secretary of State | 177605139746 |
| Form 940 | 12/31/2016 | 09/08/2017 | Los Angeles County Recorder | 20171018787 |
| Form 941 | 06/30/2017 | 10/26/2017 | California Secretary of State | 177613078919 |
| Form 941 | 06/30/2017 | 10/27/2017 | Los Angeles County Recorder | 20171238575 |
| Form 940<br>Form 941<br>Form 941<br>Form 940 | 12/31/2014<br>09/30/2015<br>12/31/2015<br>12/31/2015 | 07/21/2016 | California Secretary of State | 167538545711 |
| Form 940<br>Form 941<br>Form 941<br>Form 940 | 12/31/2014<br>09/30/2015<br>12/31/2015<br>12/31/2015 | 07/15/2016 | Los Angeles County Recorder | 20160827998 |
| Form 941<br>Form 941<br>Form 941<br>Form 941 | 09/30/2014<br>12/31/2014<br>03/31/2015<br>06/30/2015 | 11/30/2015 | California Secretary of State | 157497820497 |
| Form 941<br>Form 941<br>Form 941<br>Form 941 | 09/30/2014<br>12/31/2014<br>03/31/2015<br>06/30/2015 | 11/25/2015 | Los Angeles County Recorder | 20151481051 |
| Form 941<br>Form 941 | 12/31/2016<br>09/30/2017 | 04/11/2018 | California Secretary of State | |
| Form 941<br>Form 941 | 12/31/2016<br>09/30/2017 | 04/05/2018 | Los Angeles County Recorder | |

Copies of the Notices of Federal Tax Lien are attached to Claim No. 1-1.

3

On May 11, 2018, the United States filed a Stipulation for Use of Cash Collateral (Docket No. 16), which was approved by Court order on that same date (Docket No. 18). On September 22, 2018, the United States filed Exhibit 1 to the Stipulation for Use of Cash Collateral (Docket No. 32).

On June 26, 2018, the Debtor filed a Motion for Order Authorizing Payment on Claims of Critical Vendors under 11 U.S.C. § 105(a) and 11 U.S.C. § 363(b) (the "Motion," Docket No. 44).

On July 6, 2018, the United States filed a Second Stipulation for Use of Cash Collateral (Docket No. 57), which was approved by Court order on that same date (Docket No. 59).

## II.    Law and Analysis

Through this Motion, the Debtor requests that the Court retroactively bless its unauthorized use of cash collateral to pay pre-petition creditors with the IRS's cash collateral.

The Supreme Court has recognized the importance of "first-day" orders that promote successful reorganization and maximize the value of the bankruptcy estate. *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 985–86 (2017). By way of example, wage orders allow payment of employees' prepetition wages and "'critical vendor' orders…allow payment of essential suppliers' prepetition invoices." *Id* (referencing *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 574, n. 8 (3d Cir. 2003).

"[T]he phrase 'first day motions' refers generally to any of a variety of requests made shortly after the filing of a chapter 11 petition, for prompt authorizations needed to facilitate the operation of the debtor's business."[1] *In re Colad Group, Inc.*, 324 B.R. 208, 212 (Bankr. W.D.N.Y. 2005). As such, in accordance with Section 105(a), the court must follow four principles that apply when considering first day motions: (1) "relief should be limited to that which is minimally necessary to maintain the existence of the debtor"; (2) orders should be clear and simple; (3) orders should not "change the procedural and substantive rights that the Bankruptcy Code and Rules"; and (4) "no first day order should violate or disregard the substantive rights of parties, in ways not expressly authorized by the Bankruptcy Code." *Id.* at 213–14.

---

[1] The United States notes that this Motion was not filed in a prompt manner, but rather almost two months after the commencement of the case and after the money had already been used to pay these vendors.

4

Pursuant to section 363(c)(2)(A) and (B), a trustee or debtor-in-possession may only use "cash collateral" if the affected secured creditor consents, or if "the court, after notice and a hearing, authorizes such use." *See In re George Ruggiere Chrysler-Plymouth, Inc.*, 727 F.2d 1017, 1019, fn. 3 (11th Cir. 1984) (*citing* 11 U.S.C. § 363(c)(2)(B)). In this regard, courts "recognize that section 363 is a source for authority to make critical vendor payments, and section 105 is used to fill in the blanks." *In re Tropical Sportswear Int'l Corp.*, 320 B.R. 15, 20 (Bankr. M.D. Fla. 2005). "[S]atisfaction of a pre-petition debt in order to keep 'critical' supplies flowing is a use of property other than in the ordinary course of administering an estate in bankruptcy." *In re Kmart Corp.*, 359 F.3d 866, 872 (7th Cir. 2004).

The term "critical vendors" is not defined in the Bankruptcy Code. *In re Brown & Cole Stores, LLC*, 375 B.R. 873, 881 n. 3 (9th Cir. BAP 2007). Courts have found that bankruptcy courts may issue orders providing for the payment of prepetition amounts to critical vendors pursuant to sections 105 and 363 of the Bankruptcy Code where: "(i) the payments are necessary to the reorganization process; (ii) a sound business justification exists in that the critical vendor(s) refuse to continue to do business with the debtor absent being afforded critical vendor status; and (iii) the disfavored creditors are at least as well off as they would have been had the critical vendor order not been entered." *See In re Jeans.com, Inc.*, 502 B.R. 250, 258 (Bankr. D. P.R. 2013) (citing *Tropical*, 320 B.R. at 19–20). Courts have also considered whether the estate would be improved for the benefit of all creditors. *Id.*

Here, the Debtor seeks Court permission to pay the Employment Development Department (the "EDD") as a "critical vendor" of the estate. As a preliminary matter, the Debtor has already used the IRS's cash collateral without permission to make the payments to the creditors listed in its Motion.

Further, the EDD does not fit the definition of a critical vendor, and therefore should not be paid using the IRS's cash collateral or ahead of other creditors. The EDD should not be considered a critical vendor based on the fact that it is a state taxing authority and does not provide any supplies or service to the Debtor. *See* State of California Employment Development Department, About the EDD, https://edd.ca.gov/About_EDD/About_EDD.htm (last visited July 13, 2018) ("The EDD is responsible for the state programs involving unemployment insurance, disability insurance, payroll tax collection, and job training/workforce services."). It will continue to do "business" with the Debtor without this

1   payment because the creditor is a taxing authority and the Debtor is required to make payments to the
2   EDD pursuant to statute.

3       The EDD also fails the three-part test enumerated in *Jeans.com* to determine whether a vendor
4   is critical.  First, payments to the EDD are not necessary for the reorganization process because the
5   claims stem from unemployment insurance. Petition, at 5.  Second, the EDD would continue to do
6   business with the debtor even if the EDD is not afforded critical vendor status since the EDD is a state
7   taxing authority.  Third, disfavored creditors are not better off if the EDD is granted critical vendor
8   status because the EDD does not provide any necessary supplies to help the debtor reorganized and
9   instead the EDD is given priority over other creditors without justification.  For these reasons, the
10  Motion fails on its face, and the payments given to the EDD should be returned to the Debtor pursuant
11  to sections 549(a) and 550(a).

12      Additionally, the IRS has a first priority lien on the Debtor's cash and cash equivalent. *See*
13  Claim No. 1-1; *see also* 26 U.S.C. §§ 6321, 6323; *United States v. McDermott*, 507 U.S. 447 (1993) (A
14  federal tax lien is perfected, or choate for priority purposes, at the time it is filed, but a competing state-
15  created lien is perfected, or choate, only when it attaches to specific property.). By paying the EDD
16  ahead of the IRS, the Debtor is impermissibly making distributions to creditors in violation of the
17  priority scheme set forth in the Bankruptcy Code. *See Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973,
18  983 (2017).

19      Moreover, while the Debtor states in its Motion that it was necessary to pay the EDD on its pre-
20  petition tax claim because he was required to do so in order to file his 2017 state tax return, this
21  explanation is insufficient to overcome the fatal issues described above. Also, if true, this policy
22  appears to be collection of pre-petition debt in violation of the automatic stay. *See* 11 U.S.C. § 362.
23  ///
24  ///
25  ///
26  ///
27  ///
28

### III. Conclusion

Based on the foregoing, the United States respectfully requests that the Court deny the Motion and order the return of funds paid to the EDD.

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Dated: July 13, 2018

/s/  Jolene Tanner
JOLENE TANNER
Assistant United States Attorney
Attorneys for the United States of America

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
300 N. Los Angeles Street, Room 7211, Los Angeles, CA 90012

A true and correct copy of the foregoing document entitled **THE UNITED STATES OF AMERICA'S OPPOSITION TO THE DEBTOR'S MOTION TO PAY CRITICAL VENDORS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 13, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Y Lo    bklolaw@gmail.com, jaylo1225@gmail.com
Ron Maroko    ron.maroko@usdoj.gov
Jolene Tanner    jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov
Tamar Terzian    tamar@terzlaw.com, cynthia@terzlaw.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) July 13, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy se or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
MS Diagnostic Laboratory LLC
128 West Olive Avenue
Monrovia, CA 91016

**DEBTOR'S COUNSEL**
Michael Y Lo
LO & LO LLP
506 N Garfield Ave #280
Alhambra, CA 91801

**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 13, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**MANDATORY COURTESY COPY – PERSONAL DELIVERY**
Honorable Barry Russell
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 13, 2018 | Maria Luisa Q. Parcon | /s/Maria Luisa Q. Parcon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**